

FILED

NOV 2 0 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV5 07- 2565 LEW GGH  HC

JACKSON PHAYSALEUM,                   )   No. C 07-5780 JSW (PR)
                                      )
            Petitioner,               )
                                      )
      vs.                             )   **TRANSFER ORDER**
                                      )
TONY HEDGEPETH, Warden,               )
                                      )
            Respondent.               )
_____    )

Petitioner, a prisoner incarcerated at Kern Valley State Prison in Delano,

California, has filed a petition for a writ of habeas corpus seeking review of his criminal

conviction from San Joaquin County, which lies within the venue of the Eastern District

of California. *See* 28 USC § 84(b). Venue is proper in a habeas action in either the

district of conviction or the district of confinement, *see id* § 2241(d). However, federal

courts in California traditionally have chosen to hear petitions challenging a conviction

or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767

(N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

Therefore, the Court ORDERS that pursuant to 28 USC § 1404(a) and Habeas LR

2254-3(b), and in the interest of justice, the Clerk of the Court shall TRANSFER this

matter to the United States District Court for the Eastern District of California.

IT IS SO ORDERED.

DATED: November 26, 2007

JEFFREY S. WHITE
United States District Judge

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.
Date Filed: 11-26-07
RICHARD W. WIEKING, Clerk
By _____ Deputy Clerk

1 | UNITED STATES DISTRICT COURT

2 | FOR THE

3 | NORTHERN DISTRICT OF CALIFORNIA

4

5

6 | JACKSON PHAYSALEUM,

Case Number: CV07-05780 JSW

7 | Plaintiff,

**CERTIFICATE OF SERVICE**

v.

8

9 | TONEY HEDGEPETH et al,

Defendant.

10 | _____/

11 | I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District

12 | Court, Northern District of California.

13 | That on November 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

14 | depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17 | Jackson Phaysaleum V-82761
Kern Valley State Prison

18 | P.O. Box 5107
Delano, CA 93216

19 | Dated: November 26, 2007

*Jennifer Ottolini*

20 | Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28

**E-filing**

11/5/07

Dear District Clerk's

**CV 07        5780**

**JSW**

This is the second letter with the second
envelope of the list of documents I have sent.
I have already explained what has to be done.
I hope this helps to make your job easier. Please
If I did anything wrong on any of the documents
please let me know and I will fix it. I am a pro se
litigant and I do not know all the rules and
procedures. I hope I did well on these issues and
hope you can help fix anything I've done wrong.
Thank you for your time and effort on helping me
do what I have to do.

**(PR)**

Respectfully,

J. Physal

Jackson Phaysalewm

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

FILED

NOV 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Dear Sir or Madam:

# E-filing

Your petition has been filed as civil case number **CV 07 5780**

JSW

A filing fee of $5.00 is now due. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's In Forma Pauperis Application in its entirety. If the application is granted, you will not have to prepay the fee.

Your petition is deficient because you did not pay the filing fee and:  **(PR)**

1. ____✓____ you did not file an In Forma Pauperis Application.

2. _____ the In Forma Pauperis Application you submitted is insufficient because:

_____ You did not use the correct form. You must submit this court's current Prisoner's In Forma Pauperis Application.

_____ Your In Forma Pauperis Application was not completed in its entirety.

_____ You did not sign your In Forma Pauperis Application.

_____ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

_____ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

_____ Other _____

Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning: YOU MUST RESPOND TO THIS NOTICE. If you do not respond within THIRTY DAYS from the filing date stamped above, your action will be DISMISSED, the file closed and the entire filing fee will become due immediately. Filing a Prisoner's In Forma Pauperis Application will allow the court to determine whether prepayment of the filing fee should be waived.**

Sincerely,
RICHARD W. WIEKING, Clerk,

By _____
                    Deputy Clerk

rev. 11/07

PHAYSALEUM

MC-275

Name *Jackson Phaysaleum*

Address *Kern Valley State Prison*

*P.O. Box 5107*

*Delano, Ca. 93216*

CDC or ID Number *V-82761*

**FILED**

NOV 14 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*United States District Court*
*for the Central District of California*
(Court)

**E-filing**

| Petitioner | |
|---|---|
| *Jackson Phaysaleum* | **PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | **CV 07 5780** (To be supplied by the Clerk of the Court) |
| *Toney Hedgepeth (warden)* | |
| Respondent | |

**JSW**

**(PR)**

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

☒ A conviction ☐ Parole

☒ A sentence ☐ Credits

☐ Jail or prison conditions ☐ Prison discipline

☐ Other (specify): _____

1. Your name: _Jackson Phaysaleum_

2. Where are you incarcerated? _Kern Valley State Prison_

3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_Count 1 Second degree murder with personal use of a firearm causing death Count 2 voluntary manslaughter with personal use of a firearm_

b. Penal or other code sections: _187 with 12022.53(D); 192(A) with 12022.5(A)_

c. Name and location of sentencing or committing court: _San Joaquin County Superior Court, 222 East Weber Ave., Stockton, Ca. 95202_

d. Case number: _SF091507A_

e. Date convicted or committed: _April 25, 2005_

f. Date sentenced: _June 8, 2005_

g. Length of sentence: _46 yrs. to life_

h. When do you expect to be released? _January 30, 2050_

i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

_Edward Healey PD, 102 S. San Joaquin St. room 1; P.O. Box 201030; Stockton, Ca. 95201_

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The trial Court imposed the upper term on count 2 based on
factors not proved beyond a reasonable doubt

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

On January 22, 2007 Cunningham v Washington was decided
holding that Californias determinate sentencing law, which allows
California judges to impose upper-term sentence on the basis
of factors found by the judge rather than by the jury, is unconstitutional.
The trial judge impose the upper term on count 2 which is a
voluntary manslaughter and an enhancement without factual evidence
to impose upper-term. The jury had the burden of finding facts to impose
the upper-term not the judge. The jury gave defendant a manslaughter
and a second degree on another count. The judge based judgement
by prejudice. The judge stated the crimes were vicious and cruel.
The jury clearly did not agree with the judge. More information
explaining this situation on the next pages. → This case should
be based solely on Cunningham. Date makes petition timely.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Apprendi v. New Jersey (2000) 530 US. 466
Blakely v. Washington (2004) 542 US. 296
Cunningham v. California (No. 05-6551) 127 S.Ct. 856; (2005) Cal.
Lexis 7128

# TABLE OF CONTENTS

Page

TABLE OF CASES AND AUTHORITIES ............................................... ii

PETITION FOR REVIEW TO EXHAUST STATE REMEDIES .............. 1

STATEMENT OF THE UNDERLYING PROCEEDINGS ....................... 2

STATEMENT OF FACTUAL AND LEGAL BASIS OF CLAIMS .......... 3

THE COURT VIOLATED APPELLANT'S SIXTH
AMENDMENT RIGHTS BY IMPOSING THE
UPPER TERMS ON COUNT 2 BASED ON FACTORS
NOT PROVED BEYOND A REASONABLE DOUBT ................. 3

A. Relevant Procedural Matters ........................................................ 3

B. Imposition Of The Upper Terms On Count 2
Violated *Blakely* .............................................................................. 4

CONCLUSION .......................................................................................... 8

WORD COUNT CERTIFICATION ............................................................ 8

COURT OF APPEAL'S OPINION ............................................... Appendix

i

## TABLE OF CASES AND AUTHORITIES

<u>Cases</u>                                                                                    <u>Pages</u>

*Apprendi v. New Jersey* (2000) 530 U.S. 466 ............................................. 5

*Blakely v. Washington* (2004) 542 U.S. 296 ................................... 1,4,5,6,7

*Cunningham v. California* (No. 05-6551) ................................................. 1

*People v. Black* (2005) 35 Cal.4th 1238 .................................................... 6


<u>Constitutional Authority</u>

U.S. Const., 6th Amend. ................................................................ 1,3,4,6


<u>California Jury Instructions, Criminal  (CALJIC)</u>

No. 8.40 .................................................................................................... 7

# IN THE SUPREME COURT

## FOR THE STATE OF CALIFORNIA

**PEOPLE OF THE STATE OF CALIFORNIA,** )

    Plaintiff and Respondent, )

                           )

v. )

**JACKSON PHAYSALEUM,** )

    Defendant and Appellant. )

On Appeal from the Superior Court of California
Third District Court of Appeal Case No. C050214
San Joaquin County Case No. SF091507A

### PETITION FOR REVIEW
### TO EXHAUST STATE REMEDIES

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND
THE HONORABLE JUSTICES OF THE SUPREME COURT:

    Appellant Jackson Phaysaleum hereby petitions this court, pursuant

to Rule 33.3, California Rules of Court, from the Third District Court of

Appeal's unpublished opinion in the above entitled matter, filed May 11,

2006. (The Court of Appeal's opinion is attached hereto as an appendix.)

Appellant did not file a petition for rehearing in the Court of Appeal.

    This case presents no grounds for review under Rule 28(b),

California Rules of Court, and the petition is filed solely to exhaust state

remedies.  Specifically, appellant's petition argues that imposition of the

upper term for his voluntary manslaughter conviction violated his Sixth

Amendment right to jury trial, based on the holding of *Blakely v.*

*Washington* (2004) 542 U.S. 296 [124 S.Ct. 2531] (*Blakely*).  Appellant

seeks to preserve this issue for federal review because on February 21,

2006, the United States Supreme Court granted certiorari in *Cunningham v.*

1

*California* (no. 05-6551) to determine whether California's Determinate
Sentencing Law is unconstitutional in light of *Blakely*.

## STATEMENT OF THE UNDERLYING PROCEEDINGS

Appellant Jackson Phaysaleum was charged in an information, filed
June 15, 2004, with murdering Demetrius Silmon and James Dutye in
counts 1 and 2, respectively.  (Pen. Code, § 187, subd. (a) [subsequent
statutory references are to the Penal Code]).  The information alleged, as to
both counts, that appellant personally discharged a firearm, causing great
bodily injury (§ 12022.53, subd. (d)) and personally used a firearm (§
12022.5, subd. (a)), and alleged the special circumstance that appellant
committed multiple murders (§ 290.2, subd. (a)(3)).  (Clerk's Transcript on
Appeal ["CT"], pp. 34-38.)

On April 25, 2005, the jury convicted appellant of the second degree
murder of Silmon (count 1) and acquitted him of murdering Dutye, but
convicted him of the voluntary manslaughter of Dutye (count 2), a lesser
included offense (§ 192, subd. (a)).  The jury found true the related firearm
use allegations as to counts 1 and 2 (§ 12022.53, subd. (d) & § 12022.5,
subd. (a), respectively).  (CT 716-723.)

On June 6, 2005, the court imposed the upper term of 11 years on
count 2, plus a consecutive 10-year (upper) term for the related firearm
enhancement.  On count 1, the court imposed a 15-years-to-life term for the
second degree murder and a 25-years-to-life term for the related firearm use
enhancement, both terms to run concurrently to each other and
consecutively to the terms imposed on count 2.  (CT 748-752, 754-757.)

In an unpublished opinion filed on May 11, 2006, the Third District

Court of Appeal affirmed the judgment.  (See appendix.)


## STATEMENT OF FACTUAL AND LEGAL BASIS OF CLAIMS

THE COURT VIOLATED APPELLANT'S SIXTH
AMENDMENT RIGHTS BY IMPOSING THE UPPER
TERMS ON COUNT 2 BASED ON FACTORS
NOT PROVED BEYOND A REASONABLE DOUBT

A.     Relevant Procedural Matters

Prior to imposing sentence, the court stated:

There's no question that under the circumstances of
this case the defendant's actions showed an absolute and utter
disregard for the value of human life, and I think that the
aggravating factor with respect to the degree of cruelty is
overriding in this case.  The defendant's actions in this case
showed an extraordinary degree of cruelty and viciousness.  It
was a ruthless act and a cowardly act to shoot those folks
down as he did on the street.

There was one thing to display a gun if he felt he was
in some kind of danger, to display a gun and threaten them
not to come back to that corner if they wanted to sell drugs,
that's one thing.  Or, even to fire off a couple of warning
shots.  That's another thing.  But he shot multiple times and
killed them as they tried to get away.  It's just absolutely
unforgivable.

I do not understand, as I say, why the jury did what
they did in this case, but that's the wisdom of the jury and the
Court accepts that.  *However, I certainly believe that this
crime showed such a high degree of cruelty, viciousness,
ruthlessness and cowardly conduct that it more than amply
merits the upper term in this case.*

So, the Court is going to deny probation.  There were -
- by definition there were two people that were killed, and the
Court on that basis is going to deny probation.  This never

would be a case for probation.

 Morever, and for the reasons that I just said, the Court is going to impose the upper term here.  Now, I'm going to have to start with the determinate sentence here, so I'm going to start with Count 2, which is the –

  . . . .   [¶][¶]

 Count 2 relates to the manslaughter conviction with regard to the victim James Dutye.  As I just stated, the Court is going to impose the upper term on this.  The maximum term on this is 11 years for the violation of Penal Code Section 192, and that's what the Court is going to impose, upper term of 11 years.

(Reporter's Transcript on Appeal ["RT"], pp. 1683-1684, emphasis added.)

The court then imposed the upper term of ten years on the section 12022.5, subdivision (a) enhancement "again for the reasons that I indicated here.  This is -- this was a mowing down of people on the street, two separate people, with no explanation and no mitigating factors."  (RT 1685.)

B. Imposition Of The Upper Terms On Count 2 Violated *Blakely*

In *Blakely*, *supra*, the United States Supreme Court held that a sentence that exceeded the statutory maximum of the standard range for the offense based on factual findings that were made by the court, rather than factual findings that were made by a jury or admitted by the defendant, violated the defendant's Sixth Amendment right to trial by jury.  (*Id.*, 124 S.Ct. at pp. 2536-2538 .)

The defendant in *Blakely* pleaded guilty to second degree kidnapping involving domestic violence and the use of a firearm.  The facts admitted in his plea, standing alone, supported a maximum sentence of 53 months under Washington law.  (*Blakely*, *supra*, 124 S.Ct. at pp. 2534-2535.)

4

Washington law provides that the court may impose a sentence above the standard range if the court finds substantial and compelling reasons justifying the exceptional sentence. After hearing the victim's description of the ordeal, the court imposed a 90-month sentence on the ground that the defendant had acted with "deliberate cruelty," one of the statutorily enumerated grounds for departing from the standard sentencing scheme. (*Id.* at p. 2535.)

Faced with a more than three-year increase in his sentence, the defendant objected. The court therefore conducted a three-day bench trial on the issue of deliberate cruelty and concluded that there were sufficient facts to support its initial finding. (*Blakely*, *supra*, 124 S.Ct. at pp. 2535-2536.) The defendant appealed, arguing that this sentencing procedure deprived him of his federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.

The United States Supreme Court agreed and reversed. The court applied the rule of *Apprendi v. New Jersey* (2000) 530 U.S.466, 490 (*Apprendi*), which provides: "'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" (*Blakely*, *supra*, 124 S.Ct. at p. 2536.) The court explained, "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. [Citations.] In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he [or she] may

5

impose without any additional findings." (*Id.* at p. 2537.) Summarizing previous cases on this issue, the court explained that "[w]hether the judge's authority to impose an enhanced sentence depends on finding a specified fact . . . , one of several specified facts . . . , or any aggravating fact (as [in *Blakely*]), it remains the case that the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact." (*Id.* at p. 2538, fn. omitted.) The court concluded that the defendant's sentence was invalid because it depended on a judicial finding of deliberate cruelty. (*Ibid.*)

In *People v. Black* (2005) 35 Cal.4th 1238, 1244, this court held the judicial factfinding that occurs when a judge exercises discretion to impose an upper term under California's Determinate Sentencing Laws does not implicate a defendant's right to jury trial under the Sixth Amendment.

The sentencing court in this matter violated *Blakely* by imposing the upper terms on count 2 based on its own findings of aggravating facts not proved beyond a reasonable doubt to the jury. In imposing the upper terms on count 2 and its related gun use enhancement, the court stated its belief that "this crime showed such a high degree of cruelty, viciousness, ruthlessness and cowardly conduct that it more than amply merits the upper term in this case." (RT 1684.)

However, the jury simply found that appellant committed the voluntary manslaughter of Dutye. The jury's verdicts in this case most certainly did not indicate it found beyond a reasonable doubt that appellant's crime "showed such a high degree of cruelty, viciousness, ruthlessness and cowardly conduct" that it merited imposition of the upper term. (RT 1684.)

Moreover, the court's findings on this count were factually inaccurate. Appellant was charged with the first degree murder of James Dutye in count 2, with a special circumstances allegation. (CT 36-37.) Yet the jury convicted appellant of voluntary manslaughter, either because it found appellant actually but unreasonably believed in the necessity to defend himself or because the killing occurred upon a sudden quarrel or heat of passion. (CALJIC No. 8.40; CT 589.) In either case, the jury found that while appellant's conduct with respect to Dutye was not completely justifiable, it was significantly mitigated and, in the case of "imperfect self-defense," based on an "actual" belief in the need to defend. From neither of these scenarios is it possible to extrapolate that the jury found appellant's killing of Dutye to be cruel, vicious, ruthless, or cowardly, as described by the court.

Under *Blakely*, the court violated appellant's constitutional right to trial by jury by imposing the upper term on count 2 and its related enhancement based on the grounds stated by the court.

7

## CONCLUSION

For the reasons stated above, appellant respectfully requests that the court grant his petition for review to exhaust state remedies.

Dated: June 13, 2006

Respectfully submitted,

JEFFREY S. KROSS
State Bar No. 142882
Attorney for Appellant
JACKSON PHAYSALEUM

## WORD COUNT CERTIFICATION

Pursuant to Rule 28.1(d), California Rules of Court, I hereby certify, under penalty of perjury, that according to the word-count function of my computer's word processing program, appellant's petition for review to exhaust state remedies contains 1,864 words.

Executed this 13th day of June 2006 at Oakland, California.

JEFFREY S. KROSS

8

## PROOF OF SERVICE BY MAIL

I declare under penalty of perjury that I am a citizen of the United States, over the age of eighteen years and not a party to the within action. My business address is P.O. Box 16224, Oakland, California 94610-6224. On this date I served the attached PETITION FOR REVIEW TO EXHAUST STATE REMEDIES in said action by placing true copies in the United States mail at Oakland, California, addressed as follows:

Deena C. Fawcett, Clerk
Third District Court of Appeal
900 N Street, Room 400
Sacramento, CA 95814

Paul A. Bernardino
Deputy Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

Central California Appellate Program
2407 J Street, Suite 301
Sacramento, CA 95816

Office of the District Attorney
222 E. Weber Avenue #202
Stockton, CA 95202

Mr. Jackson Physaleum
V-82761
Kern Valley State Prison
P.O. Box 5102
Delano, CA 93216

Executed this 13th day of June 2006 at Oakland, California.

NOT TO BE PUBLISHED

**COPY**

FILED

MAY 1 1 2006

COURT OF APPEAL - THIRD DISTRICT
DEENA C. FAWCETT

BY_____ Deputy

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JACKSON PHAYSALEUM,<br><br>　　　　Defendant and Appellant. | C050214<br><br>(Super. Ct. No.<br>SF091507A) |

A jury found defendant Jackson Phaysaleum guilty of second degree murder (count 1) and voluntary manslaughter (count 2) for shooting two men after a verbal argument about drug turf. With respect to count 1, the jury found defendant had both personally used a firearm and personally discharged a firearm, causing great bodily injury. With respect to count 2, the jury found defendant had personally used a firearm.

The evidence at trial showed that one victim was shot while he was walking away and had his hands at his side, and the other victim was shot while he started running away after hearing gunshots and attempting to render aid to the first victim.

1

The California Supreme Court, however, has held that
*Blakely* does not apply to California's sentencing scheme.
(*People v. Black* (2005) 35 Cal.4th 1238, 1244.)  Defendant
acknowledges that this court is obligated to follow the holding
in *Black* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57
Cal.2d 450, 455), and says he is raising the contention to
preserve his right to eventual federal review.  Accordingly, we
reject defendant's claim of sentencing error.

                    DISPOSITION

     The judgment is affirmed.




                              _____ROBIE_____, J.


We concur:


_____SCOTLAND_____, P.J.


_____DAVIS_____, J.




                              3

Court of Appeal, Third Appellate District - No. C050214
**S144283**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

SUPREME COURT
FILED

JUL 1 9 2006

THE PEOPLE, Plaintiff and Respondent,

Frederick K. Ohlrich Clerk

v.

Deputy

JACKSON PHAYSALEUM, Defendant and Appellant.

Petition for review denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in *Cunningham v. California*, No. 05-6551, the effect of *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220, on California law.

GEORGE

Chief Justice

The trial Court imposed an illegal enhancement violating defendants Fifth Amendment by violating the Double Jeopardy clause. It also violates the eighth Amendment by giving an excessive sentence which is Cruel and unusual.

a. Supporting facts:

The Superior Court of San Joaquin County violated defendants Amendment rights by giving a jury instruction Penal Code 12022.53 (D) which is originally personally discharging a firearm causing great bodily injury was altered to say causing death. This enhancement should not have been given. The jury did find the allegations true, but also found me guilty of 12022.5 (A) in counts 1 and 2. The Court gave me the highest of the enhancement and discarded the lower one on count 1. The enhancement 12022.53 (D) should not have been given because it conflicts with the Double Jeopardy Clause by giving me, the defendant an extra charge of murder. The court gave me 2 murder charges in 1 count. The Court can not impose any additional time on the murder for causing great bodily injury since causing great bodily injury is, in fact, what the count is. I was charged with 2 counts not 3. The excessive sentence is cruel and unusual punishment. That is why this enhancement violates my 8th Amendment. It also abuses the Double Jeopardy Clause in the 5th Amendment. I should not have been tried twice on the same crime. Double jeopardy protects against multiple punishment for the same offense. Next couple pages shows this claim is true. First page was the jury instruction which should not have been given. The other pages confirms the charges that was stricken for the offense and how sentence was given

b. Supporting cases, rules, or other authority:

North Carolina V. Pearce, 395 US 711
People V. Carter 32 Cal. Rptr. 3d 838
Penal Code 12022.7 (G) shall not pertain to death murder or manslaughter
Fifth Amendment violation as to Double Jeopardy Clause
eighth Amendment Violation exessive sentencing

United States District Court
Northern District of California

Plaintiff,

VS.

Jackson Phaysaleum
Defendant.

Case No. _____

Memorandum in Support
of § 2254 petition of
Jackson Phaysaleum

## Introduction

Comes now the defendant, Jackson Phaysaleum, Pro Se litigant, pursuant to 28 USC § 2254, and files this Memorandum in support of his petition to withdraw enhancement 12022.53 (D) personally discharging a firearm causing death and request for retrial.

In Williams v. Singletary, 78 F.3d 1510 (11th Cir. 1996) defendant filed hebeas action claiming his conviction for both assault and burglary with assault violated Double Jeopardy Clause. The Court held that if it was Congress's intention to impose cumulative punishments ~~uder~~ under separate statutory provisions for the same conduct, there is no

1 of 5

double jeopardy violation. If that was not clearly Congress's intent, the court must determine if the violations are the "same offense" by comparing the elements of each.

The court held that assault and burglary with assault were the "same offense" since all of the elements of assault were included in the elements of burglary with assault and "there was no clear indication of a legislative intent to authorize cumulative convictions and sentences for assault and burglary with assault." Defendant's lesser sentence was set aside.

## Background

On June 6, 2005, defendant was found guity of the following; enhancement number 2 pursuant to P.C. 12022.5(A); enhancement number 1 pursuant to P.C. 12022.53(D); and enhancement number 3 pursuant to P.C. 190.2(A). These were all stricken from the charges. Defendant was sentenced 46 years to life. These are the following charges; Count 1 P.C. 187 second degree with which runs concurrent to count 2 a manslaughter 11 years with it's enhancement PC 12022(A) 10 years. The enhancement 12022.53(D) was attached to count 2 the second degree murder.

2 of 5

# Arguement

I. Court violated Double Jeopardy Clause by giving enhancement P.C. 12022.53(D) as a jury instruction.

Court violated defendants rights by letting prosecution give enhancement PC. 12022.53(D) as a jury instruction. The enhancement states intentionally and personally discharging a firearm causing great bodily injury. The prosecution altered it by putting causing death in the jury instruction. This violates the Double Jeopardy Clause. Defendant should not have been tried twice for the same crime. Causing death is the same as murder. Defendant was found guilty of P.C. 12022.5(A) with count 1, which was stricken, In that jury instruction it clearly states "personally used a firearm" means that the defendant must have <u>intentionally</u> fired it or discharged it. In P.C. 12022.53(D) jury instruction states intentionally and personally discharging a firearm (which means the same as P.C. 12022.5(A)) and proximately cause death (or by firing gun murdered person)

II. Penal Code 12022.53(D) is solely based on Penal Code 12022.7 (GBI) and 12022.5 (personal use of firearm)

Penal Code 12022.7 and 12022.5 causes a

conumdrum when combined it becomes ~~1220~~ 12022.53(D). This makes it exessive by combining two enhancements into one. The 12022.7 in Section (G) states "This shall not apply to murder or manslaughter" The GBI is the base of 12022.53(D), so should not pertain to death.

As to Williams v. Singletary my arguement is exactly the same. The 12022.53(D) personally discharging a firearm causing death is exactly the same as the murder count. I already recieved giving me two charges in one count.

Defendant Phaysaleum is entitled to a fair trial because of the violation of Double Jeopardy and excessive sentencing violating the fifth and eighth Amendments.

## Conclusion

Defendant Phaysaleum respectfully moves this court to withdraw enhancement 12022.53(D) and requests for a fair trial.

Dated: 11/5/07

Respectfully submitted,

Jackson Phaysaleum

Jackson Phaysaleum

4 of 5

# Verification

I, Jackson Phaysaleum, hereby declare under penalty of perjury that the facts stated in the foregoing memorandum are true and correct.

Date: 11/5/07          By: Jackson Phaypale

                          Jackson Phaysaleum.

```
J2411H1        SUPERIOR COURT OF CALIFORNIA-COUNTY OF SAN JOAQUIN    06/07/05
SAN JOAQUIN CJIS              STOCKTON BRANCH                        10:35
ORGANIZATION: SC
```

CASE NO. SF091507 A      DATE: 06/06/05      TIME: 08:30 AM      DEPT.: 22

PEOPLE VS. PHAYSALEUM, JACKSON                        (DOB: 03/02/84)

JUDGE:   TERRENCE R VAN OSS, JUDGE      CLERK:   TAMMY NELSON
REPORTER: ELAINE DYER                   BAILIFF: KEITH SALES

NATURE OF PROCEEDINGS:  P & J.

---

CHARGES: 1. PC 187<2ND W/PC 12022.53(D)<F3
         2. PC 192(A) W/PC 12022.5(A)<F1

---

DEPUTY DISTRICT ATTORNEY T. TESTA PRESENT FOR THE
     PEOPLE.

DEPUTY PUBLIC DEFENDER E. HEALY PRESENT FOR THE DEFENSE

DEFENDANT PRESENT IN CUSTODY.

ENHANCEMENT NUMBER 2 PURSUANT TO PC 12022.5(A)<F1 AS
     ALLEGED IN COUNT 1 IS STRICKEN.

ENHANCEMENT NUMBER 1 PURSUANT TO PC 12022.53(D)<F3 AS
     ALLEGED IN COUNT 2 IS STRICKEN.

ENHANCEMENT NUMBER 3 PURSUANT TO PC 190.2(A)(3) AS
     ALLEGED IN COUNT 2 IS STRICKEN.

NO LEGAL CAUSE APPEARING WHY JUDGEMENT SHOULD NOT NOW BE
     PRONOUNCED.

DEFENDANT WAIVES TIME FOR SENTENCING, AND IS SENTENCED.

FORMAL ARRAIGNMENT FOR JUDGMENT WAIVED.

PROBATION IS DENIED.

AS TO COUNT 2 :  IMPOSED THE UPPER TERM OF 11 YEAR(S), 0
     MONTH(S), 0 DAY(S).

PLUS ENHANCEMENT FOR ALLEGATION NUMBER 2 AS TO COUNT 2
     PURSUANT TO PC 12022.5(A)<F1 OF 10 YEAR(S), 0 MONTH(S).

COUNT 2 SHALL SERVE AS BASE TERM.

AS TO COUNT 1 DEFENDANT SENTENCED TO 15 YEARS TO LIFE.

**000748**

CASE NO. SF091507 A        DATE: 06/06/05        TIME: 08:30 AM      DEPT.: 22
PEOPLE VS. PHAYSALEUM, JACKSON                                (DOB: 03/02/84)


COUNT 1 TO BE SERVED CONCURRENT WITH COUNT 2.

PLUS ENHANCEMENT FOR ALLEGATION NUMBER 1 AS TO COUNT 1
      PURSUANT TO PC 12022.53(D) OF 25 YEARS TO LIFE
      CONSECUTIVE TO COUNT 2.

DEFENDANT SENTENCED TO A TOTAL OF 46 YEARS TO LIFE.

CREDIT FOR TIME SERVED: LOCAL 429 PLUS 64 (GOOD
      TIME/WORK CREDIT) PLUS 0 CRC/CDC PLUS 0 (GOOD
      TIME/WORK/CREDIT) - TOTAL 493 DAYS.

CONDUCT CREDIT GIVEN PURSUANT TO 2933.1PC (15% RULE)

DEFENDANT TO PAY RESTITUTION FINE OF $4,200.00 PURSUANT
      TO PC 1202.4 COLLECTED BY CDC.

PLUS $420.00 ADMINISTRATIVE SURCHARGE FOR RESTITUTION
      FINE - RESTITUTION FUND COLLECTION FEE

PURSUANT TO PC 1202.45, THE COURT IMPOSES AN ADDITIONAL
      RESTITUTION FINE OF $4,200.00 SAID FINE TO BE SUSPENDED
      UNLESS PAROLE IS REVOKED.

RESTITUTION ORDERED IN AMOUNT OF $3,523.00 PAYABLE TO
      VICTIM(S) CHARLIE MAE VUYTRE, TO BE COLLECTED BY CDC.

SHERIFF TO DELIVER DEFENDANT INTO CUSTODY OF THE
      DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS,
      RECEPTION GUIDANCE CENTER AT DVI.

ENTERED IN CJIS BY T. PEREZ ON 06/07/2005.

ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.

INFORMATION SENT TO THE JAIL.

-----------------------------------------------------------------------------
CUSTODY STATUS:
DEFENDANT IS REMANDED TO THE CUSTODY OF THE DEPT. OF
      CORRECTIONS.


**000749**

**CALJIC 17.19. PERSONAL USE OF FIREARM (PEN. CODE, §§ 667.5, subd. (c)(8), 1203.06, subd. (a)(1), 12022.5, subd. (a) and 12022.53, subd. (b))**

| Requested by Plaintiff | ☐ | Requested by Defendant | ☐ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☑ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge | |

Print date:  4/2003

It is alleged ████████ that the defendant _____ personally used a firearm during the commission of the crime[s] ████████

If you find the defendant _____ guilty of one or more of the crimes charged or a lesser and included felony offense, you must determine whether the defendant _____ personally used a firearm in the commission of those felonies.

The word "firearm" includes a Handgun. ████████████████

The term "personally used a firearm," as used in this instruction, means that the defendant must have ████████████████████████, intentionally fired it, ████████████████ ████████████

The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true.

Include a special finding on that question in your verdict, using a form that will be supplied for that purpose.

**000609**

Jury Instructions



**CALJIC 17.19.5. INTENTIONAL AND PERSONAL DISCHARGE OF FIREARM/GREAT BODILY  (PEN. CODE, § 12022.53, subds. (c) and (d))**

| Requested by Plaintiff | ☐ | Requested by Defendant | ☐ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☑ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | | Judge |

Print date: 4/2003

It is alleged in Counts 1 and 2 that the defendant _____ intentionally and personally discharged a firearm and proximately caused death to a person during the commission of the crimes charged.

If you find the defendant _____ guilty of one or more of the crimes thus charged, you must determine whether the defendant _____ intentionally and personally discharged a firearm and proximately caused death to a person in the commission of those felonies.

The word "firearm" includes a Handgun

The term "intentionally and personally discharged a firearm," as used in this instruction, means that the defendant himself must have intentionally discharged it.

A proximate cause of death is an act or omission that sets in motion a chain of events that produces as a direct, natural and probable consequence of the act or omission the death and without which the death would not have occurred.

The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true.

Include a special finding on that question in your verdict, using a form that will be supplied for that purpose.

**000610**

Jury Instructions

(69)

7. Ground 2 or Ground __3__ *(if applicable):*

Counsel violated defendants sixth Amendment right of effective assistance of counsel also Confrontation Clause was violated by not letting defendant Cross-examine witness against him

a. Supporting facts:

This is better explained in great detail in the Memorandum on the next page. I also have one page of transcript as evidence of Facts.

b. Supporting cases, rules, or other authority:

Violation of sixth Amendment ; Penal Code § 1181

Strickland v. Washington 466 US 668

People v. Palmer (1978) 80 CA 3d 239

Holmes v. South Carolina 126 S. Ct. 7272 (2006)

Crawford v. Washington 541 US 36 (2004)

1  Jackson Phaysaleum
2  V-82761
3  P.O. Box 5107
4  Delano, Ca. 93216
5  In Pro per
6
7          United States District Court
8      For The Northern District of California
9
10  United States of America,    )
11  The People                   )
12        Plaintiff,             )          Case No. _____
13                               )
14        VS.                    )
15  Jackson Phaysaleum           )       Memorandum in support
16      Defendant.               )       of Hebeas Corpus petition
17                               )       of Jackson Phaysaleum
18
19
20              Introduction
21      Comes now the defendant, Jackson Phaysaleum,
22  Pro se, pursuant to 28 U.S.C. §2254, and files this
23  Memorandum in support of his motion for retrial of
24  case. for the following charges: Count 1. second degree
25  murder Penal Code 187 (PC 12022.53(D)Enhancement of offense
26  which was altered to say causing death.) Count 2 a
27  violation of 192(A) Voluntary Manslaughter also enhanced
28  with PC. 12022.5 (A).

1-8

1   In Strickland v. Washington 466 US 668, which was
2   decided on May 14, 1984, that there is a two-part test
3   of effective assistance of defense counsel held (1)
4   reasonable effective assistance and (2) reasonable probability
5   of different result with effective counsel. It also
6   state that defendant has a right to a fair trial and
7   should not be prejudice by defense counsel. The Sixth
8   Amendment guarantees a defendant a fair trial by
9   having effective assistance of counsel. I am making the
10  allegations that my attorney at trial violated my sixth
11  Amendment rights by ineffective assistance of counsel. This
12  memorandum is in support of my findings. I request, when
13  granted, that I be permitted to have a retrial to
14  remedy this matter.

16  ## Argument

17     In San Joaquin County superior Court Mr Edward
18  Healey (Counsel at trial) did not have a defense
19  strategy ready for my trial. Counsel did not adequetely
20  investigate my case in my behalf. If Counsel investigated
21  he would have found out that I was in police custody
22  hand cuffed in a police car for hours. I was treated
23  as a criminal and was hand cuffed in the back of
24  the officers car. The officers are from the Stockton
25  Police department. They did not treat me like I was
26  in custody only. If they did they would have cuffed

2-8

1  in the front and not leave me in the patrol car cuffed
2  behind my back. The officers went into an appartment
3  complex in Oak Park where they found me playing basketball
4  and left me in the patrol car. I was then brought to
5  the police department and interrogated in a small
6  room. The officers question me for hours. I was finally
7  coerced into taking the blame to relieve pressure on
8  Samone Prak and Julany Khaleck who was detained
9  after officers found a purse with a gun in the vehicle
10 they were in. Before officers started questioning me
11 they did a gun powder residue check. I believe they
12 found negative results. My attorney did not put this
13 information to good use. He should have put an expert
14 witness to testify on this matter.(In Constitution
15 Amendment six penal code § 1181 Counsel failed to
16 present expert witness testimony for duress. Also in People
17 v Palmer (1978) 80 C.A. 3d 239, 250, 145 CR. 466 1 ALR. 4th
18 1072 Defendant had an expert testify about gun residue
19 and gun powder residue as to the effects. He used
20 this information from the expert witness as evidence of
21 his innocence.)The information should have been used
22 for a adequetely defense. Counsel also did not try
23 to find character witnesses to testify on my behalf
24 and to also state how dangerous the street of the
25 crime was. There were countless muggings, prostitution,
26 and other illegal activity going on there. Counsel



RT PAPER
OF CALIFORNIA
113 (REV. 3-95)
98 10924

3-8

1  also over-looked "third person culpability" defense. The
2  officers who arrived at the scene found items right
3  next to the victims bodies. It is a possibility that
4  victims has been searched before officers arrived to
5  the scene. There were witnesses who admitted being
6  there when officers arrived. One witness even said that
7  he walked up and looked at one of the victims eyes.
8  The scene could have been contaminated before officers
9  arrived.(_Holmes V. South Carolina_ 126 S. Ct. 7272 (2006)
10 defendant argued of "third party culpability" and has the
11 right to present a complete defense pertaining to the
12 Due Process Clause of the Fourteenth Amendment, or
13 in the Compulsory Process of Confrontation Clause of
14 the Sixth Amendment, the Constitution guarantees
15 criminal defendant's a meaningful opportunity to present
16 a complete defense.) Samone Prak and Julany Khaleck
17 I believe do not reconize the sound of my voice.
18 Counsel should have deminstrated this at trial. Samone
19 and Julany when testified said that the television
20 and radio was on and there were many people in
21 the house. Samone accused me of saying the words,
22 "I Ghost EM," and Julany accused me of saying, "Its All My
23 Fault." How can they establish this if they never saw
24 my lips moving. Another situation of "third party
25 Culpability," refering to _Holmes V. South Carolina_ John
26 Khaleck another witness for the prosecution was a
27 suspect who never was arrested. Bounsong Nouanpong

RT PAPER
OF CALIFORNIA
113 (REV. 3-95)
98 10924

was also a suspect who never was arrested. Bounsong Alias Ackie went swimming at a river and drowned a couple months after the alleged crimes. As to John Khaleck who was a suspect and a witness in the allege crimes should not have been given a chance to testify in prosecutions favor. The Court failed to put jury instruction on suspect as a witness. My right of a fair trial was violated. The court violated my sixth amendment right of confronting all witnesses against me by letting detective Mcdonald, investigative officer on this case, testify about John khaleck's statement which is hearsay. (In Crawford V. Washington, 541 US 36 (2004)-- which precludes the use of "testomonial" hearsay from a witness was not cross-examined by the defense. In Davis V. Washington, 126 S. Ct. 2266 (2006) a domestic violence victim wrote a statement on a affidavit given to police officers to incrimanate defendant. Defendant found that the affidavit was testimonial because the primary purpose was not to report present events, but to describe past events in preparation for a later criminal prosecution. This violated the Sixth Amendment.) John khaleck's statement is just like the affidavit. The defense did not get a chance to cross-examine. Actually the Court asked Counsel if he wanted to Cross-examine John Khaleck. Counsel told judge he did not want question John Khaleck anymore. Counsel did not ask me if I wanted to Cross-examine. Counsel then

5-8

Coerced me into testifying on my own behalf which
I did not want to do at all. Co-defendant Bobby
Panyansoe's case was still pending and I did not
want court to go after him if I have gotten aquitted.
Counsel induce me to take the stand saying "It's
the only option I have." Counsel failed to mention
to me about state sentence and federal sentence. I
believed that the Court had given me 61 years and
2 life sentences. Counsel did not inform me of how much
time I would receive if found guilty. (In Boria V.
Keane 83 F. 3d 48 (2nd Cir. 1996) Defendant, who was
not advised by his attorney of plea bargain offering
a 1 to 3 year sentence, was tried and sentenced 20
years to life. Court held that attorney's ~~trial~~ failure
to advise defendant of improbability of acquittal
and benefit of plea bargain constituted ineffective
assistance.) Counsel also deprived me of police
reports, statements of witnesses, depositions, and other evidence
the procecution had. I have a right to materials
and witnesses against me to be confronted. To have
these materials I would have cooperated with
Counsel more productively. We had many conflicts
of interests. I also asked for these materials when
I was appealing, but did not even get an answer
From Counsel. I never even saw the discovery. During
My trial Counsel got a jury summons and asked
the court at bench if he can go to jury duty and

6-8

1   be excused from this trial. The court denied his request.
2   Mr Healey said this on record, "I have jury duty next
3   week, so I don't know if I'll be here." This is in
4   transcript (page 1093 line 16-18). Counsel repeatedly brought
5   jury summons to trial waving it around. I did not
6   know what to do. It was clear to me counsel did
7   not want to be at trial. I did not know about
8   Marsden motion for new counsel, or I would have filed
9   it. Counsel formed prejudice toward me because of
10  conflicts of interest. (In Bland v CDC, 20 F.3d 1469
11  (9th Cir. 1994) inconsistencies arose from defense's own
12  camp, there is a reasonable probability that, but for
13  counsel's representation, the result of the proceeding would
14  have been different, Strickland, 466 u.s. at 694, 104
15  S. ct. at 2068. Accordingly, because counsel's unproffessional
16  errors undermine confidence in the outcome, bland
17  had established prejudice.) Counsel also could have
18  put up my statement in for defense evidence because it
19  shows me taking the blame to get Sannone and Julany
20  out of trouble. I also requested from counsel all
21  evidence against me pertaining to my case when I was
22  sent to serve my prison terms. No reply. I requested again
23  by the suggestion of my appeal attorney Jeffrey S.
24  Kross. I never got any reply from Mr Healey

## Conclusion

26  Defendant Phaysaleum respectfully moves this court
27  to reverse and remand for retrial of conviction under
28  Strickland v. Washington and violation of the sixth

7-8

Amendment right of effective assistance and the right to confront and cross-examine witnesses.

Respectfully submitted,

Dated: 11-5-07

*Jackson Phaysaleum*
Jackson Phaysaleum

## Verification

I, Jackson Phaysaleum, hereby declare under penalty of perjury that the facts stated in the foregoing memorandum are true and correct.

Dated: 11-5-07

By: *Jackson Phaysale*
Jackson Phaysaleum

8-8

```
 1              THE COURT:  No, I'm not receiving anything,

 2   but I want to make sure the stuff is locked up.  I don't

 3   want it left out here in the courtroom until Monday.  If you

 4   want to take it all back, Mr. Testa, you're more than

 5   welcome to do so.  I don't think anybody is going to

 6   complain about the items remaining in the DA's custody.

 7   They're not received in evidence yet, anyway.

 8              MR. TESTA:  We have one box in which we'll

 9   put everything that has been marked.

10              THE COURT:  Most of it is pretty small,

11   except for the clothes.

12              MR. TESTA:  And I will alert the Court --

13              THE CLERK:  I don't know if that box will fit

14   in here, Judge.

15              MR. TESTA:  -- that --

16              MR. HEALEY:  I have jury duty next week, so I

17   don't know -- if they call me on Monday, I don't know if

18   I'll be here.

19              MR. TESTA:  But I have -- we have one legal

20   issue with Detective MacDonald's testimony about possibly

21   impeaching John Khaleck, may involve the Court listening --

22   may require the Court to listen to a portion of the tape.

23   Other than that, I believe he'll be on ten -- five or ten

24   minutes.  And I will rest then Tuesday at 9:10.

25              THE COURT:  Well, it's almost 4:15, so we

26   won't be able to hear any long argument about that.  So, we

27   have to reserve it for Tuesday.

28         Okay.  We're going to call a halt to it.  It's almost
```

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No.   If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_Third District Court of Appeal_

b. Result _Denied_     c. Date of decision: _MAY 11, 2006_ / _7-19-06_

d. Case number or citation of opinion, if known: _C050214/S144283_

e. Issues raised: (1) _Court violated amendment rights by imposing the upper term on_
_(2) count 2 based on factors not proven beyond a reasonable doubt_
_(3) by a jury_

f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_Jeffrey S. Kross Bar # 142882, P.O. Box 16224, Oakland, Ca 94610_

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No.   If yes, give the following information:

a. Result _Denied_     b. Date of decision: _July 19, 2006_

c. Case number or citation of opinion, if known: _C050214/S144283_

d. Issues raised: (1) _Court violated amendment rights by imposing the upper term_
_(2) on count 2 based on factors not proven beyond a reasonable doubt_
_(3)_

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_Appeal attorney advised me to fill out a Habeas Corpus petition_
_on these claims._

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)   Explain what administrative review you sought or explain why you did not seek such review:

_I tried to exhaust remedies for other grounds, but did not get a reply_
_from state courts to confirm they even recieved it at all. I_
_also failed to attach proof of service because I was so much in a_
_rush to file. My appeal attorney advise me to file straight to Supreme_
_court of california to exhaust then file straight to federal district_
_court. I did exactly what appeal attorney said yet did not recieve_
_any form of reply. Appeal attorney advise me that I had a year and_
_90 days. I will affix this letter for record. He never got back at me on case._

b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

**JEFFREY S. KROSS**
**Attorney at Law**

P.O. Box 16224
Oakland, CA 94610-6224
(510) 531-4690

September 15, 2007

LEGAL MAIL -- CONFIDENTIAL

Mr. Jackson Phaysaleum
V-82761
Kern Valley State Prison
P.O. Box 5102
Delano, CA 93216

    RE: *People v. Jackson Phaysaleum*, Appeal No. C050214/S144283

Dear Mr. Phaysaleum:

    This is in response to your letter dated August 28, 2007. I was out of the office for two weeks when you sent the letter and did not receive it until September 4. Again, I apologize for the delay in my response, but I have been extremely busy, trying to catch up on the work I missed while I was away from the office.

    Briefly, the California Supreme Court denied your petition for review to exhaust state remedies on July 19, 2006. That means you have one year plus 90 days from that date to file a federal habeas corpus petition (or *approximately one more month*), as I explained in past letters. In your federal habeas corpus petition, you can claim the superior court denied your right to a jury trial, as guaranteed by the Sixth Amendment, by imposing the upper terms for the manslaughter conviction and the related gun use enhancement. You should cite *California v. Cunningham* to support that issue. Your time to file that claim in federal court is quickly running out, so you should not delay any longer. (Again, the *Cunningham* issue will not effect the 25-years-to-life portion of the sentence you received for your murder conviction, but it might possibly effect the determinate 21-year portion of the sentence, and I think there is a reasonable probability that portion of your sentence could be reduced, so I would pursue that a.s.a.p.)

    The ineffective assistance of counsel (IAC) claim must first be presented in a state habeas corpus petition (such as the draft of the one you sent me), because it could not have been included in your direct appeal. Based on my quick review of the draft you sent me, I do not believe you have included sufficient information for a state court to grant you relief. Therefore, if you decide to pursue this claim in state court, you should provide much more information on why you feel you were denied the effective assistance of counsel.

    Keep in mind that if you file a state habeas corpus petition, it will toll (that is, suspend) the statutory period for filing the federal habeas corpus petition. In other words, as long as a state habeas corpus petition is pending, the one-year-plus-90-day period for filing the federal habeas corpus petition will be suspended. However, once you have

Mr. Jackson Physaleum
September 15, 2007
Page Two

exhausted your possible state remedies -- in other words, once the California Supreme
Court denies your state habeas corpus petition -- the federal statutory time will begin
running again, *starting from the time it was suspended*. In other words, the federal
statutory period does not begin to run all over again from the beginning of the one-year-
plus-90-days period. So if the federal period has been suspended pending a state habeas
corpus petition, you should have the federal habeas corpus petition ready to file as soon
as the state Supreme Court denies the state petition. If your IAC claim has been denied
by the state Supreme Court, you should include that IAC claim in the same federal habeas
corpus petition as the *Cunningham* claim. I hope this makes sense, as it is critical to
filing the federal habeas corpus petition.

Unfortunately, I am not aware of any free legal services that might assist you, and
I do not have the *Prisoner's Assistance Directory* you mentioned (nor have I ever heard
of that publication).

As you requested, I am returning to you your draft of the state habeas corpus
petition. Again, your time is quickly running out to file the federal habeas corpus
petition, so I would make sure you have that prepared and file it before the deadline
expires, or have it prepared to file as soon as the state Supreme Court denies your state
habeas corpus petition. (Note a state habeas corpus petition can be filed in any state
court, but it ultimately must be filed in the state Supreme Court in order to exhaust your
state remedies and be able to raise that same claim in the federal courts. So you might
consider filing the state habeas corpus petition directly in the California Supreme Court.
I will leave that choice up to you.)

I wish you good luck in your efforts.

Very truly yours,

JEFFREY S. KROSS

**JEFFREY S. KROSS**
**Attorney at Law**

P.O. Box 16224
Oakland, CA 94610-6224
(510) 531-4690

July 28, 2006

LEGAL MAIL -- CONFIDENTIAL

Mr. Jackson Physaleum
V-82761
Kern Valley State Prison
P.O. Box 5102
Delano, CA 93216

     RE: *People v. Jackson Physaleum*, Appeal No. C050214/S144283

Dear Mr. Physaleum:

     The California Supreme Court denied your petition for review on July 19, 2006.  (I was out of the office at the time and just received the court's order, a copy of which I am enclosing.) However, the court denied the petition for review without prejudice to any relief to which you might be entitled after the United States Supreme Court files its opinion in *Cunningham v. California*.

     As I previously explained, in the *Cunningham* case the U.S. Supreme Court will decide whether the current California sentencing laws violate the Sixth Amendment to the U.S. Constitution's requirement that all factors used to increase a prison sentence must be proved beyond a reasonable doubt to a jury (as held in *Blakely v. Washington*).  If the U.S. Supreme Court decides in *Cunningham* that the current California sentencing laws are not constitutionally valid, you will be permitted by the California Supreme Court to go back to court for a possible retrial on the sentencing factors and/or for resentencing.  I do not expect the U.S. Supreme Court will issue its *Cunningham* opinion until well into next year some time.  However, I will notify you after the U.S. Supreme Court files its opinion in *Cunningham* if that decision will provide you any relief, or at least the possibility of taking your case back to the superior court.  In the meantime, please hold onto the copy of the California Supreme Court's order denying your petition for review without prejudice, as you might need it in the future.

     This now ends my representation of you in the state courts.  I previously sent you your trial transcripts, and they are yours to keep.  As I said, I will get back in touch with you if it appears you might benefit from the *Cunningham* decision.  If you do not hear from me again, you can assume the *Cunningham* decision did not find that California's sentencing laws violate the U.S. Constitution.  In any event, I will take this opportunity to wish you good luck.

          Very truly yours,

          JEFFREY S. KROSS

w/enclosure

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result *(Attach order or explain why unavailable):* _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result *(Attach order or explain why unavailable):* _____

   (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

I Filed a Hebeas Petition in State to exhaust State remedies, but recieved no reply I sent it on 9/30/07 statute of limitations 1 year and 90 days it was timely

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I Filed a petition to exhaust State remedies in State I got no reply at all. It was timely I had a year and 90 days. I made the date. Now time is up.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 11-5-07

▶ *Jackson Phaysaler*
(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]  **PETITION FOR WRIT OF HABEAS CORPUS**  Page six of six

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, _Jackson Phaysaleum_, declare under the penalty of perjury that:

I am the _Petitioner_ in the attached matter; I have read the foregoing document(s) and know the contents thereof; that the same is true of my own personal knowledge, and if called to testify as to the contents thereof, I could do so competently as a sworn witness.

Executed this _5_ day of _November_, 20_07_, at Kern Valley State Prison, Delano, CA. 93216-5101.

_Jackson Phaysale_
Declarant

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, _Jackson Phaysaleum_, declare: That I am a resident of Kern Valley State Prison, Delano, California; I am over the age of 18 years; ( X I am / [] I am not ) a party to the above entitled action; My address is P.O. Box 5107, Delano, California 93216-5101. I served the attached document(s) entitled _① Hebeas Corpus ② Memorandum supporting Hebeas Corpus ③ Motion for state courts to comply to order ④ Application to file second or Successive petition ⑤ documents for factual purposes._

On the persons/parties specified below by placing a true copy of said document(s) into a sealed envelope with the appropriate postage affixed thereto and placing said envelope(s) into the United States Mail in a deposit box provided for at the Kern Valley State Prison, Delano, California, addressed as follows: _Clerk of the District Court for the Northern District of California 450 Golden Gate Avenue P.O. Box 36060 San Francisco, Ca 94102_

_Paul A Bernardino Deputy Attorney General P.O. Box 944255 Sacramento, Ca 94244-2550_

There is First Class mail delivery service by the United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _5_ day of _November_, 20_07_, at Kern Valley State Prison, Delano, Califrnia 93216-5101.

_Jackson Phaysali_
Declarant

E-Filing, HABEAS, ProSe

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-05780-JSW

| | |
|---|---|
| Phaysaleum v. Hedgepeth | Date Filed: 11/14/2007 |
| Assigned to: Hon. Jeffrey S. White | Jury Demand: None |
| Cause: 28:1651 Petition for Writ of Habeas Corpus | Nature of Suit: 530 Habeas Corpus (General) |
| | Jurisdiction: Federal Question |

**Petitioner**

**Jackson Phaysaleum**                    represented by **Jackson Phaysaleum**
V-82761
Kern Valley State Prison
P.O. Box 5107
Delano, CA 93216
PRO SE

V.

**Respondent**

**Warden Tony Hedgepeth**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/14/2007 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ 5; ifpp). Filed by Jackson Phaysaleum. (sv, COURT STAFF) (Filed on 11/14/2007) (Entered: 11/15/2007) |
| 11/14/2007 | 2 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (sv, COURT STAFF) (Filed on 11/14/2007) (Entered: 11/15/2007) |
| 11/14/2007 | | Letter from Jackson Phaysaleum re submitted documents. (sv, COURT STAFF) (Filed on 11/14/2007) (Entered: 11/15/2007) |
| 11/14/2007 | | CASE DESIGNATED for Electronic Filing. (sv, COURT STAFF) (Filed on 11/14/2007) (Entered: 11/15/2007) |
| 11/26/2007 | 3 | TRANSFER ORDER. Signed by Judge Jeffrey S. White on 11/26/07. (jjo, COURT STAFF) (Filed on 11/26/2007) (Entered: 11/26/2007) |
| 11/29/2007 | 4 | CLERK'S NOTICE of documents forwarded to the Eastern District of California 3 (sv, COURT STAFF) (Filed on 11/29/2007) (Entered: 11/29/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/30/2007 15:37:24 | | |
| **PACER Login:** us5194 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:07-cv-05780-JSW |
| **Billable Pages:** 1 | **Cost:** | 0.08 |